**E-Filed 6/5/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICENTE R. MESDE and JUANITA G. MESDE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>Defendants. | Case Number C 09-2418 JF (RS)<br><br>ORDER[1] DENYING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket no. 3] |

On June 1, 2009, Plaintiffs Vicente R. Mesde and Juanita G. Mesde filed the instant action against multiple Defendants, alleging *inter alia* violations of the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, *et seq.*; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et. seq.*; and multiple California state statutes in connection with a loan application and mortgage on their residential property. On the same day that the complaint was filed, Plaintiffs also filed an *ex parte* request for a temporary restraining order ("TRO"). Plaintiffs seek an order enjoining

---

[1] This disposition is not designated for publication in the official reports.

Defendants from proceeding with a foreclosure sale on their residential property.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b).

Plaintiffs' TRO was not filed with an affidavit as required by Rule 65(b)(1)(B). According to the brief filed in support of the motion for a TRO, a trustee's sale was scheduled for June 4, 2009. On June 3, 2009, the Court contacted Plaintiffs' counsel with respect to the missing affidavit, and counsel represented that the required affidavit would be filed shortly. However, as of the present date no additional papers have been filed. Accordingly, and without comment as to merits of the case or the possibility of irreparable injury, the request for a TRO will be denied because Plaintiffs did not provide notice to the other side or provide a Rule 65(b)(1)(B) affidavit. Plaintiffs may renew their arguments for injunctive relief on a motion for a

2

preliminary injunction.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Plaintiffs' application for a TRO is DENIED;
2. Plaintiffs shall serve each Defendant with copies of the complaint and this order;
3. Plaintiffs' motion for preliminary injunction is set for hearing on June 26, 2009 at 9:00 am. Each party may file a brief in support of or in opposition to the motion for preliminary injunction, not to exceed fifteen (15) pages in length, on or before June 24, 2009.

DATED: June 5, 2009

_____
JEREMY FOGEL
United States District Judge

Case No. C 09-2418 JF (RS)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

1  This Order has been served upon the following persons:

3  Ronald Veridiano Uy     rvulaw1@yahoo.com

Case No. C 09-2418 JF (RS)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)